UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILMINGTON PT CORP.,

    -against-

DENNIS P. BONILLA, MIKE8951 CORP.,
NYC ENVIRONMENTAL CONTROL BOARD,
NYC PARKING VIOLATIONS BUREAU,
NY STATE DEP'T OF TAXATION AND FINANCE,
AND "JOHN DOE" AND "JANE DOE,"

                   Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**19-CV-2684 (DLI) (ST)**

**TISCIONE, United States Magistrate Judge:**

Plaintiff Wilmington PT Corp. ("Plaintiff" or "Wilmington") commenced an action on May 7, 2019, against defendants Dennis P. Bonilla, Mike8951 Corp., New York City Environmental Control Board ("NYCECB"), New York City Parking Violations Bureau ("NYCPVB"), New York State Department of Taxation & Finance ("NYSDOTF"), John Doe and Jane Doe,[1] to foreclose on a mortgage encumbering a property located at 89-51 121st Street, Richmond Hill, New York 11418 in the County of Queens (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq. See generally* Complaint ("Compl."), ECF No. 1. Plaintiff Wilmington requested a certificate of default against all Defendants on June 14, 2019 (ECF No. 17), and the Clerk of the Court entered defaults against Defendants Dennis P Bonilla, Mike8951 Corp., NYSDOTF, NYCECB, and NYCPVB on

---

[1] The last two names are fictitious parties referring to "tenants or occupants, if any, having or claiming an interest in, or lien upon the premises described in the complaint." *See* Compl. ¶ 9.

1

June 24, 2019. Clerk's Entry of Default, ECF No. 18. On July 8, 2019, Plaintiff Wilmington filed a fully briefed Motion for Default Judgment. Mot. for Default J., ECF No. 19. The Honorable Judge Dora L. Irizarry referred the motion to me for a Report and Recommendation on July 9, 2019. Minute Entry, No. 19-cv-2684 (E.D.N.Y. July 9, 2019). For the following reasons, I respectfully recommend that the Court deny the Plaintiff's Motion for Default Judgment.

I. BACKGROUND

Unless otherwise specified, the following background facts are based on the allegations in the Plaintiff's Complaint and exhibits. The instant action is an attempt by Plaintiff Wilmington to foreclose on a mortgage encumbering the Property, located at 89-51 121st Street, Richmond Hill, New York 11418 in the County of Queens ("Property"). Defendant Dennis P. Bonilla is the owner of the Property. *See* ACRIS, CFRN 2005000385596. On September 7, 2007, Defendant Bonilla executed and delivered a mortgage agreement on September 7, 2007 to JPMorgan Chase Bank, N.A. ("JPMorgan Mortgage"), and executed a Home Equity Line of Credit Agreement and Disclosure Statement ("JPMorgan Note") under the Mortgage securing a loan in the amount of $105,000.00 from JPMorgan Chase Bank, N.A. or its assignees (Lender) to the Defendant (Borrower). *See generally* Compl. Ex. E ("JPMorgan Note"), ECF No. 1-7; Ex. F ("JPMorgan Mortgage"), ECF No. 1-8. The JPMorgan Mortgage was recorded on October 19, 2007. *Id*. at 12; *see* ACRIS, CRFN 2007000531663.

On August 5, 2010, JPMorgan Chase Bank, N.A., assigned the JPMorgan Mortgage and Note to Dreambuilder Investments, LLC, which was recorded on December 18, 2015. Compl., Ex. G ("Dreambuilder Assignment"), ECF No. 1-9; *see* ACRIS, CRFN 2015000449481. On January 28, 2014, Dreambuilder Investments, LLC assigned the JPMorgan Mortgage and Note to

Trinity Financial Services, LLC, which was recorded on December 18, 2015. Compl., Ex. H ("Trinity Assignment"), ECF No. 1-10; *see* ACRIS, CRFN 2015000449482. On October 11, 2018, Trinity Financial Services, LLC assigned the JPMorgan Mortgage to Plaintiff, which was recorded on November 16, 2018. Compl., Ex. H ("Wilmington Assignment"), ECF No. 1-11; *see* ACRIS, CRFN 2018000380897.

The JPMorgan Mortgage and Note provide that the failure of an obligated party to make payment when due constitutes an event of default, permitting the Lender or its assignees to accelerate the amounts due and/or foreclose on the mortgage in a manner provided by law. *See* JPMorgan Note at 4, 5; JPMorgan Mortgage at 7. Pursuant to provisions of the JPMorgan Mortgage and Note, the Borrower's default entitles the Lender or its assignees to collect all or part of the collection costs actually incurred by collecting the money owed, including costs, attorney's fees, and any other associated fees, to the extent permitted by the state and the United States. *See id*. Relevant provisions of the Note are governed by federal law and the laws of the State of New York. *See id*. at 5.

Plaintiff alleges that Mr. Bonilla defaulted under the Note, and failed to make monthly payments from May 7, 2011. Compl., ¶ 16. Neither the Complaint nor the Motion for Default mentions whether or not the Plaintiff issued the 90-Day Notice required under RPAPL § 1304 to Mr. Bonilla. *See generally* Compl.; Mot. for Default J.

## II.     LEGAL STANDARD

### A.     Default Judgment Standard

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is

3

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016).

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

### B.    RPAPL § 1304

 "RPAPL § 1304 requires that a lender, assignee, or mortgage loan servicer transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure." *CIT Bank, N.A. v. Escobar*, No. 16-CV-3722 (JFB)(SIL), 2017 U.S. Dist. LEXIS 94093, at *18-19 (E.D.N.Y. June 16, 2017) (citations omitted). "[P]roper service of RPAPL [§] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action." *Id.* (quoting *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 106, 923 N.Y.S.2d 609, *5-6 (2d Dep't 2011)). The required notice must be sent to the borrower using specific statutory language set out under RPAPL § 1304, and shall be sent by the lender, assignee, or mortgage loan servicer to the borrower, by registered or certified mail, and also by first-class mail to the last known address of the borrower. RPAPL § 1304(2).

### III.    DISCUSSION

Compliance with Section 1304 "is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *Onewest Bank, N.A. v. Simon*, No. 14-CV-6622 (RJD), 2019 U.S. Dist. LEXIS 49360, at *32 (E.D.N.Y. Mar. 22, 2019). "Plaintiff has the affirmative obligation to establish strict compliance with RPAPL section 1304." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019) (quoting *United States v. Parks*, No. 17-CV-01262, 2018 U.S. Dist. LEXIS 172829, at *3 (W.D.N.Y. Oct. 4, 2018) ("The plaintiff is required to prove its allegation by tendering sufficient

evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion . . ."). Failure to comply with the notice requirements warrants denial of a plaintiff's motion for default judgment in an action seeking foreclosure. *See Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 U.S. Dist. LEXIS 86559, at *2 n.1 (E.D.N.Y. May 22, 2019) (noting that the Plaintiff's first motion for default judgment was denied, and the Court had granted "leave to amend the Complaint and re-file its motion after complying with the notice requirements set forth in New York Real Property Actions and Proceedings Law §1304."). [2]

Here, Plaintiff Wilmington has failed to submit any proof evincing that it has complied with the notice requirements under RPAPL § 1304. Plaintiff has not alleged nor submitted any evidence of having mailed a notice to Defendant Bonilla prior to initiating this action. Thus, I respectfully recommend that the Plaintiff's Motion for Default Judgment be DENIED.

### IV. CONCLUSION

For the reasons set forth above, I respectfully recommend that the Motion for Default Judgment filed by Plaintiff Wilmington PT Corp. be DENIED.

---

[2] I note that the JPMorgan Mortgage and Note at issue here constitutes a "home loan" under the definition of the RPAPL, and therefore, it is subject to the pre-foreclosure requirements. "Home loan" means a loan, including an "open-end credit plan" in which: (i) The borrower is a natural person; (ii) The debt is incurred by the borrower primarily for personal, family, or household purposes; (iii) The loan is secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling; and (iv) The property is located in this state. RPAPL §1304 (6)(1). Here, the borrower, Defendant Bonilla, is alleged to be a natural person whose address is alleged to be at the Property, located at 89-51 121st St. Richmond Hill, NY 11418. Compl. ¶ 4. The JPMorgan Mortgage agreement shows that the property is described to be "improved by a one or two family residence or dwelling only." JPMorgan Mortgage, at 2.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff Wilmington PT Corporation is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                                  /s/
                                                  Steven L. Tiscione
                                                  United States Magistrate Judge
                                                  Eastern District of New York

Dated: Brooklyn, New York
         March 3, 2020