```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILMINGTON PT CORP.,                             :
                                                 :
                         Plaintiff,              :
                                                 :
        -against-                                :    MEMORANDUM & ORDER
                                                 :    REJECTING IN PART REPORT
DENNIS P. BONILLA; MIKE8951 CORP.;               :    AND RECOMMENDATIONS
NYC ENVIRONMENTAL CONTROL BOARD;                 :
NYC PARKING VIOLATIONS BUREAU; NY                :    19-cv-2684(DLI)(ST)
STATE DEPARTMENT OF TAXATION AND                 :
FINANCE; and JOHN DOE & JANE DOE,                :
                                                 :
                         Defendants.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On May 7, 2019, Wilmington PT Corp. ("Plaintiff") commenced this diversity action against Dennis P. Bonilla ("Bonilla"), Mike8951 Corp., NYC Environmental Control Board, NYC Parking Violations Bureau, NY State Department of Taxation and Finance, John Doe, and Jane Doe[1] (collectively, "Defendants"), seeking to foreclose on a mortgage encumbering a property located at 89-51 121st Street, Richmond Hill, New York 11418 (the "Property"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.  See*, Compl., Docket ("Dkt.") Entry No. 1.  After Defendants Bonilla, Mike8951 Corp., NYC Environmental Control Board, NYC Parking Violations Bureau, and NY State Department of Taxation and Finance failed to appear, the Clerk of the Court entered a notation of default against them on June 24, 2019.  *See*, Dkt. Entry No. 18.

On July 8, 2019, Plaintiff filed a motion for default judgment, which the Court referred to the Honorable Steven Tiscione, U.S. Magistrate Judge, for a Report and Recommendation ("R &

---

[1] John Doe and Jane Doe are fictitious parties representing "tenants, occupants, persons, or corporation[s], if any, having or claiming an interest in or lien upon the [Property]."  *See*, Compl. at ¶ 9.

R"). *See*, Dkt. Entry No. 19; Order dated July 9, 2019. On March 3, 2020, the magistrate judge issued an R & R recommending that the motion be denied. *See*, R & R, Dkt. Entry No. 22. Plaintiff timely objected to the R & R. *See*, Pl. Wilmington PT Corp.'s Mem. of Law in Obj. to the R & R Dated March 3, 2020 ("Pl. Obj."), Dkt. Entry No. 24. Defendants did not respond to Plaintiff's objections. For the reasons set forth below, the objections are overruled in part and sustained in part and ruling on the motion for default judgment is deferred as it is returned to the magistrate judge with instructions consistent with this Memorandum and Order.

## BACKGROUND

In September 2007, Bonilla executed and delivered a mortgage agreement to JPMorgan Chase Bank, N.A. (the "Mortgage") and executed a Home Equity Line of Credit Agreement and Disclosure Statement (the "Note") under the Mortgage, securing a loan in the amount of $105,000.00 from JPMorgan Chase Bank, N.A. *See*, R & R at 2. The Mortgage and Note provide that failure to make payments on the loan constitutes a default, permitting JPMorgan Chase Bank, N.A. or its assignees to foreclose on the Property. *Id.* at 3.

Plaintiff alleges that Bonilla defaulted on the Mortgage and Note in May 2011. *Id.* In October 2018, following a series of assignments, Plaintiff became the holder of the Mortgage and Note. *Id.* at 2-3. On May 7, 2019, Plaintiff commenced this action to foreclose on the Property. *See*, Compl.

On May 13, 2019, Plaintiff filed a copy of the notice of foreclosure required under RPAPL § 1303. *See*, Dkt. Entry No. 6. On June 11, 2019, Plaintiff filed an Affidavit of Service, stating that on May 23, 2019, it had served Bonilla with "THE SUMMONS IN A CIVIL ACTION AND COMPLAINT, NOTICE PURSUANT TO RPAPL ON BLUE COLORED PAPER bearing Index # 19-CV-2684 DLI-ST[.]" *See*, Dkt. Entry No. 8. The Affidavit of Service further provided that

Bonilla was served personally at 20209 100th Avenue, Hollis, New York 11423, rather than at the Property. *Id.*

Plaintiff filed additional Affidavits of Service on June 11 and 14, 2019, indicating that it had served: (1) the Summons and Complaint on Defendants NYC Parking Violations Bureau, NYC Environmental Control Board, Mike 8951 Corp., and New York State Department of Taxation and Finance; (2) the Summons, Complaint, and "Notice Pursuant to RPAPL on Blue Colored Paper" on Defendants Jane Doe and John Doe at the Property; (3) the Summons, Complaint, and "Notice Pursuant to RPAPL 1303(b) Tenant Foreclosure Notice on Green Colored Paper" on Defendants Jane Doe and John Doe at the Property; and (4) the Summons, Complaint, and "Notice Pursuant to RPAPL on Blue Colored Paper" on an unnamed "Occupant" at the Property. *See*, Dkt. Entry Nos. 9–12-1, 13–13-2, 14–16.

## LEGAL STANDARD

When a party objects to a Report and Recommendation, a district judge must make a *de novo* determination with respect to those portions of the Report and Recommendation to which the party objects. *See*, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the Report and Recommendation for clear error. *See*, *Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (internal quotation marks and citation omitted).

Even upon *de novo* review, the court does not "consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." *E. Sav. Bank, FSB v. Johnson*, 2020 WL 1452461, at *1 (E.D.N.Y. Mar. 25, 2020)

(internal quotation marks and citations omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

The magistrate judge recommended that Plaintiff's motion for default judgment be denied based on Plaintiff's noncompliance with RPAPL § 1304.  *See*, R & R at 6.  RPAPL § 1304 provides that "with regard to a home loan," at least 90 days prior to commencing a foreclosure proceeding, a lender must transmit a notice, containing prescribed content, to the borrower.  *See*, N.Y. Real Prop. Acts. Law § 1304.  The magistrate judge found that the Note constitutes a "home loan" subject to the notice requirements of RPAPL § 1304 and that compliance with RPAPL § 1304, is a "condition precedent" to commencing a foreclosure action.  *Id.* at 3, 6, 6 n.2.

In support of its objections to the R & R, Plaintiff has submitted numerous exhibits that it had not submitted previously to the magistrate judge in support of its motion for default judgment.  *Compare*, Dkt. Entry No. 19-3–19-10 *with*, Dkt. Entry No. 24-2–24-6.  The Court will not consider evidence presented for the first time in response to the R & R.  *See*, *Iacob v. http://re.brooklyn-flatbush.com/midtown-renter-hit-with-300k-lawsuit-for-using-airbnb/*, 2020 WL 2570358, at *2 (S.D.N.Y. May 21, 2020) (noting that "it would be inappropriate and risk undermining the authority of the Magistrate Judge" for the court to consider information that should have been, but was not, presented to the magistrate judge) (citation omitted); *Faison v. Comm'r of Soc. Sec.*, 2020 WL 1528152, at *2 (S.D.N.Y. Mar. 31, 2020) (noting that "litigants are required to make all arguments before the magistrate judge in the first instance[]" and refusing to consider arguments raised for the first time after the issuance of the R & R) (citation omitted).

Initially, Plaintiff contends that it was inappropriate for the magistrate judge to raise the issue of compliance with RPAPL § 1304 *sua sponte*, because, by virtue of their nonappearance, Defendants have waived any such argument. *See*, Pl. Obj. at 3-4. However, proper service of a RPAPL § 1304 notice on the borrower "is a condition precedent to the commencement of a foreclosure action[]" and a plaintiff has "the affirmative obligation to establish strict compliance with RPAPL § 1304[.]" *Gustavia Home, LLC v. Hoyer*, 362 F. Supp.3d 71, 83 (E.D.N.Y. 2019) (internal quotation marks and citations omitted). Accordingly, it was proper for the magistrate judge to examine whether Plaintiff complied with the notice requirements, and Plaintiff's first objection is overruled.

Plaintiff's second objection is that the RPAPL § 1304 notice requirements do not apply because the Note does not constitute a "home loan." *See*, Pl. Obj. at 5-6. Pursuant to RPAPL § 1304, a "home loan" is a loan in which:

> (i) The borrower is a natural person; (ii) The debt is incurred by the borrower primarily for personal, family, or household purposes; (iii) The loan is secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling; and (iv) The property is located in [New York] state.

N.Y. Real Prop. Acts. Law § 1304(6)(a)(1). The magistrate judge found that the Note constitutes a "home loan" because: (1) Bonilla is alleged to be a natural person whose address is alleged to be at the Property; and (2) The Mortgage describes the Property as one to be "improved by a one or two family residence or dwelling only." R & R at 6 n.2.

However, there is no evidence that Bonilla incurred the debt "primarily for personal, family, or household purposes." Moreover, there is no evidence that Bonilla used the Property as his principal dwelling. On the contrary, the evidence indicates that the Property was not Bonilla's

5

principal dwelling.  As set forth above, Bonilla was served at an address that is not the Property. *See*, Dkt. Entry No. 8 (indicating that Bonilla was served personally at 20209 100th Avenue, Hollis, New York 11423).  Additionally, Plaintiff's attempt to serve Bonilla at the Property was unsuccessful because he was not there and the Property's "current occupant" did not know him. *See*, Affidavit of Attempted Service, Dkt. Entry No. 19-8.  Finally, the Note does not refer to the Property as Bonilla's principal dwelling or indicate his intent to reside at the Property.  *See*, Home Equity Line of Credit Agreement and Disclosure Statement, Dkt. Entry No. 19-3; *Contra*, *West Coast 2014-7, LLC v. Tolson*, 2017 WL 3405517, at *8 (E.D.N.Y. Aug. 7, 2017) (finding that mortgage constituted a "home loan" where it contained a "definitional requirement" that borrower occupy subject property as principal dwelling for at least one year).  Indeed, Plaintiff alleges that in 2014, Bonilla entered into an agreement with Defendant Mike8951 Corp., which provides that Bonilla, "having an address at 202-09 100th Avenue, Hollis, New York 11423," has agreed to give Mike8951 Corp. title to the Property.  *See*, Compl., Ex. A, Dkt. Entry No. 1-3; Compl. at ¶ 5.

Based on the foregoing, the Court concurs with Plaintiff in finding that the Note does not constitute a "home loan," and the notice requirements of RPAPL § 1304 are inapplicable, contrary to the finding of the magistrate judge.  *See*, *Gustavia Home, LLC v. Rutty*, 2018 WL 2198742, at *4 (E.D.N.Y. May 14, 2018), *aff'd on other grounds*, 785 F. App'x 11 (2d Cir. 2019) (Summary Order) ("[T]he notice required by RPAPL § 1304 does not apply to [Plaintiff] because the mortgaged property is not [Defendant's] primary residence."); *HSBC Bank USA, N.A. v. Ozcan*, 154 A.D.3d 822, 825 (2d Dep't 2017) (holding that where loan was for a commercial property and defendant resided elsewhere, loan was not a home loan and, therefore, notice provisions of RPAPL § 1304 did not apply).  Accordingly, Plaintiff's second objection is sustained.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections to the R & R are overruled in part and sustained in part and ruling on the motion for default judgment is deferred as it is returned to the magistrate judge to evaluate, based on the additional evidence presented by Plaintiff, whether Plaintiff has complied with the notice requirements pursuant to RPAPL § 1303, and, if so, whether it is entitled to a default judgment against Defendants. Plaintiff is directed to serve a copy of this Memorandum and Order upon all Defendants at their last known addresses and file proof of service with the Court within five days of the date of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge