UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILMINGTON PT CORP.,

                Plaintiff,

   -against-                                       **REPORT AND RECOMMENDATION**

DENNIS P. BONILLA, MIKE8951 CORP.,            19-CV-2684 (DLI) (ST)
NYC ENVIRONMENTAL CONTROL BOARD,
NYC PARKING VIOLATIONS BUREAU,
NY STATE DEP'T OF TAXATION AND FINANCE,
AND "JOHN DOE" AND "JANE DOE,"

                Defendants.
------------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Plaintiff Wilmington PT Corp. ( "Plaintiff") commenced this action on May 7, 2019, against Dennis P. Bonilla ("Bonilla"), Mike8951 Corp., New York City Environmental Control Board ("NYCECB"), New York City Parking Violations Bureau ("NYCPVB"), New York State Department of Taxation & Finance ("NYSDOTF"), John Doe and Jane Doe[1] (collectively, "Defendants"), seeking to foreclose on a mortgage encumbering a property located at 89-51 121st Street, Richmond Hill, New York 11418 in the County of Queens (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq*. *See* Compl., Dkt. No. 1. Bonilla, Mike8951 Corp., NYSDOTF, NYCECB, and NYCPVB failed to appear

---

[1] The last two names are fictitious parties referring to "tenants or occupants, if any, having or claiming an interest in, or lien upon the premises described in the complaint." Compl. ¶ 9. Plaintiff requested default be entered against John Doe and Jane Doe. Req. Certificate Default, Dkt. No. 17. However, default has not been entered against either Doe defendant.

and the Clerk of the Court entered default against them on June 24, 2019. Clerk's Entry Default, Dkt. No. 18.

On July 8, 2019, Plaintiff filed a Motion for Default Judgment. *See generally* Notice Mot. Default J., Dkt. No. 19; Mem. Supp. Mot. Default J. ("Mot."), Dkt. No. 19-1. The Honorable Dora L. Irizarry referred the motion to the undersigned to issue a Report and Recommendation on July 9, 2019. Electronic Order, July 9, 2019. On March 3, 2020, the undersigned issued a Report and Recommendation that recommended Plaintiff's Motion be denied. *See* R. & R., Dkt. No. 22. Plaintiff timely filed objections, to which Defendants did not respond. *See generally* Pl.'s Obj., Dkt. No. 24. On March 31, 2021, Judge Irizarry issued a Memorandum and Order that rejected in part the Report and Recommendation, deferred ruling on the Motion, and returned the Motion to the undersigned for reevaluation in light of new evidence presented by Plaintiff. *See* Mem. & Order, Dkt. No. 27. The Court held a Damages Inquest on August 18, 2021. *See generally* Min. Order Aug. 18, 2021 Mot. Hr'g, Dkt. No. 32. For the following reasons, I respectfully recommend that Plaintiff's Motion for Default Judgment be GRANTED.

**I.    BACKGROUND**

On September 7, 2007, Bonilla executed and delivered a mortgage agreement to JPMorgan Chase Bank, N.A. ("Mortgage") and executed a Home Equity Line of Credit Agreement and Disclosure Statement ("Note") under the Mortgage, securing a loan in the amount of $105,000.00 from JPMorgan Chase Bank, N.A. Compl. ¶¶ 13-14; *see* Compl., Ex. E ("Note"), Dkt. No. 1-7; Compl., Ex. F ("Mortgage"), Dkt. No. 1-8. The Mortgage was recorded on October 19, 2007. *See* Mortgage. The Mortgage and Note provide that the failure of an obligated party to make payment when due constitutes a default, permitting the lender or its

2

assignees to accelerate the amounts due and/or foreclose on the Property. *See* Note at 5-6[2]; Mortgage at 7-8. Pursuant to provisions of the Mortgage and Note, the borrower's default entitles the lender or its assignees to collect all or part of the collection costs actually incurred by collecting the money owed, including costs, attorney's fees, and any other associated fees, to the extent permitted by the state and the United States. *See id*. Relevant provisions of the Note are governed by federal law and the laws of the State of New York. *See* Note at 6.

After a series of assignments that began on August 5, 2010, the Mortgage was assigned to Plaintiff on October 11, 2018. Compl. ¶¶ 15, 17-18. Plaintiff commenced this action on May 7, 2019. *See generally id.* The Complaint alleges that Bonilla defaulted under the Note, and has failed to make monthly payments beginning on May 7, 2011. *Id.* ¶ 16. Process was served on Bonilla at 202-09 100th Avenue, Hollis, New York 11423. *See* Summons Returned Executed, Dkt. No. 8. On February 1, 2019, Plaintiff mailed to Bonilla the 90-Day Notice required under RPAPL § 1304. *See* Golden Decl., Ex. B ("Nierer Aff."), Dkt. No. 24-3; *see generally* Golden Decl., Ex. A ("90-Day Notice"), Dkt. No. 24-2. On February 4, 2019, Plaintiff submitted information to the Superintendent of the Department of Financial Services as required under RPAPL § 1306. *See generally* Golden Decl., Ex. E ("Proof of Filing"), Dkt. No. 24-6.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[2] Page numbers cited with respect to documents in the record refer to the page numbers generated by the electronic case management system, at the top of each page.

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 15 Civ. 5410 (BMC), 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 15-CV-3737 (SJ) (ST), 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by* 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016).

4

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

### III. DISCUSSION

#### a. Standing

"Plaintiff can establish standing either by producing a valid written assignment of the Note or by demonstrating the physical delivery of the Note prior to the commencement of the foreclosure action." *W. Coast 2014-7, LLC v. Tolson*, No. 15-cv-6306(ADS)(GRB), 2017 WL 3405517, at *5-6 (E.D.N.Y. Aug. 7, 2017) (citation omitted) ("[i]t is well-settled that standing exists where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff"). Here, the Complaint and accompanying materials support that Plaintiff possessed the Note prior to the commencement of this action. *See* Compl. ¶¶ 15, 17-19; Note at 9-11; Compl., Ex. G., Dkt. No. 1-9; Compl., Ex. H, Dkt. No. 1-10; Compl., Ex. I, Dkt. No. 1-11. Thus, standing is established.

#### b. Notice Requirements

##### i. RPAPL § 1304 Notice

RPAPL § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). The required notice must be sent to the borrower using specific statutory language set out under RPAPL § 1304, and shall be sent by the lender, assignee, or mortgage loan servicer to the borrower, by registered or certified mail, and also by first-class mail to the last known address of the borrower. *Id.* § 1304(2). "Notice is considered given as of the date it is mailed."

5

*Id.* The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir.) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202 (App. Div. 2013)). A plaintiff-lender can demonstrate compliance with § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (App. Div. 2019)).

As a preliminary matter, as indicated in the District Court's Memorandum and Order and in Plaintiff's Objections, the evidence does not establish that the Note constitutes a "home loan" such that the notice requirements of RPAPL § 1304 apply. *See* Mem. & Order at 5-6; Pl.'s Obj. at 5-6. Specifically, there is no evidence that Bonilla incurred the debt "primarily for personal family, or household purposes" or that Bonilla "used or occupied, or intended to" use or occupy, the Property as his "principal dwelling," as the statute requires for a loan to be classified as a "home loan." *See* RPAPL § 1304(6). That Plaintiff's attempt to serve Bonilla at the Property failed because the current occupant did not know Bonilla, *see* Mot., Ex. G, Dkt. No. 19-8, and that Bonilla was successfully served at a location other than the Property, *see* Summons Returned Executed, both suggest that the Property was not Bonilla's principal dwelling.

Even if the Note did constitute a "home loan," Plaintiff has offered evidence to demonstrate that it complied with the § 1304 notice requirement. The 90-Day Notice Plaintiff submits includes the prescribed statutory language. *See* 90-Day Notice; RPAPL § 1304(1).

6

Plaintiff also submits certified mail receipts and an affidavit of mailing. *See* Pl.'s Obj., Ex. C, Dkt. No. 24-4; Nierer Aff. Plaintiff mailed the 90-Day Notice on February 1, 2019, more than 90 days before it commenced this action. *See* Nierer Aff.

### ii. RPAPL § 1306 Filing

RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§ 1304 notice] . . . the information required by subdivision two of this section." RPAPL § 1306(1). Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertan the type of loan at issue." RPAPL § 1306(2). Plaintiff submitted its filing on February 4, 2019, within three days of mailing the 90-Day Notice. *See* Proof of Filing. Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services, attached to Plaintiff's Objections, this Court finds Plaintiff has satisfied the § 1306 requirement. *See id.*

### c. Liability

### i. Mortgagor Defendant

Plaintiff alleges Bonilla is the borrower of the loan and the mortgagor under the Mortgage. Compl. ¶ 4. To show liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default on that note. *See United States v. Estate of Callard*, No. 11-CV-4819 (ADS) (AKT), 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)), *adopted by*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017). "If those elements are established, the mortgagee has a 'presumptive right to collect.'"

*OneWest Bank, NA v. Raghunath*, 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted).

Plaintiff makes an adequate showing of the first two elements by producing a valid mortgage and note. *See* Mortgage; Note. Additionally, Plaintiff shows default on the loan obligations by providing a notice of default, mailing receipts, and an affidavit from Plaintiff's vice president, Yonel Devico ("Devico"). 90-Day Notice; Pl.'s Obj., Ex. C; Mot., Ex. E ("Devico Aff.") ¶¶ 4-7, Dkt. No. 19-7; *W. Coast 2014-7, LLC v. Hamilton*, No. 17-CV-3918 (ADS) (ARL), 2018 WL 6251353, at *2 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts, and the plaintiff's representative's affidavit), *adopted by* 2018 WL 6251338 (E.D.N.Y. Nov. 29, 2018); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (holding that the trustee demonstrated that it was entitled to summary judgment because it presented copies of the note, mortgage, and affidavits from its representatives). Therefore, this Court respectfully recommends that default judgement be entered against Bonilla.

### ii. Non-Mortgagor Defendants

Plaintiff also names Mike8951 Corp., NYCECB, NYCPVB, and NYSDOTF as defendants. *See* Compl. "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 23, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.*

(internal citation and quotation marks omitted). To establish liability as to a non-mortgagor defendant, the plaintiff must allege "nominal liability—that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (citation and quotations marks omitted); *Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010 (SJ) (SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.'") (citation committed), *adopted by* 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017).

### 1. Mike8951 Corp.

Plaintiff alleges Mike8951 Corp. is a "necessary party defendant" because it "entered into a Memorandum of Contract with [Bonilla], which seeks to give Mike8951 Corp. title to the Property at a later date." Compl. ¶ 5. Plaintiff submitted the alleged memorandum of contract with its Complaint. *See* Compl., Ex. A, Dkt. No. 1-3. The memorandum of contract is dated November 25, 2014. *See id.* Mike8951 Corp.'s interest in the Property thus accrued after the Mortgage was recorded in October 2007. *See* Mortgage.

The "lien of a mortgage is extinguished upon the sale of real property affected thereby unless the purchaser has knowledge, either actual or constructive, of the existence of the mortgage." *Wachovia Bank, N.A. v. Swenton*, 133 A.D.3d 846, 847 (App. Div. 2015) (citations omitted); *see* N.Y. Real Prop. L. § 291. A subsequent grantee bears the burden of demonstrating that it is a purchaser in good faith and for valuable consideration. *Provident Bank v. Cmty. Home Mortg. Corp.*, 498 F. Supp. 2d 558, 568 (E.D.N.Y. 2007). Here, Mike8951 Corp. has not appeared and there is no evidence to suggest that it lacked knowledge of the Mortgage. Rather,

9

the fact that the Mortgage was recorded before the memorandum of contract was executed suggests that Mike8951 Corp. had knowledge of the Mortgage. *See 436 Franklin Realty, LLC v. U.C. Bank Nat'l Ass'n*, 137 N.Y.S.3d 88, 962 (App. Div. 2020) (finding plaintiff was not a good faith purchaser where "plaintiff had constructive notice of the [recorded] mortgage when it purchased the premises"). Accordingly, the Court recommends that default judgement be entered against Mike 8951 Corp. *See, e.g.*, *Gustavia Home, LLC v. Derby*, 16-CV-4260 (ENV) (SMG), 2018 WL 4956719, at *4 (E.D.N.Y. Aug. 31, 2018) (recommending judgment be entered against non-mortgagor defendant, where complaint alleged defendant holds title to property and defendant failed to appear), *adopted by* 2018 WL 4954110 (E.D.N.Y. Oct. 12,2018); *Courchevel 1850 LLC v. Pinto-Bedoya*, No. 16-cv-6716 (NGG)(RER), 2017 WL 8793381, at *3 (E.D.N.Y. May 11, 2017) (recommending district court grant request for foreclosure and sale where property was transferred to non-mortgagor defendant, defendant failed to proffer evidence showing it was a good faith purchaser for value, and default was entered against defendant), *adopted by* 2017 WL 5157451 (E.D.N.Y. Nov. 7, 2017).

### 2. City and State Agencies

RPAPL imposes a heightened pleading standard where a city or state agency is named as a defendant. The complaint must provide, for example, "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making" the agency a party defendant. RPAPL §§ 202, 202-a. Here, the Complaint alleges nominal liability on the part of non-mortgagors NYCECB, NYCPVB, and NYSDOTF. *See* Compl. ¶¶ 6-7. Plaintiff also submits records that allege to show monies owed to NYCECB, NYCPVB, and NYSDOTF by Bonilla, as well as the relevant dates or periods for the debts. *See* Compl., Ex. B, Dkt. No. 1-4; Compl., Ex. C, Dkt. No. 1-5; Compl., Ex. D, Dkt. No. 1-6. Under similar circumstances, courts

10

in the Eastern District of New York have granted default judgments against city and state agency defendants. *See, e.g.*, *JXB 84 LLC v. Khalil*, 15-CV-6241 (NGG) (JO), 2017 WL 1184001, at *4 (E.D.N.Y. Feb. 17, 2017) (recommending default judgment be entered where complaint "contains well-pleaded allegations of nominal liability on the part of non-mortgagor defendant" NYSDOTF), *adopted by* 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017); *Cit Bank v. Dambra*, No. 14 Civ. 3951 (SLT) (VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015) (finding plaintiff satisfied RPAPL § 202 requirements and recommending default judgment against NYCECB and NYCPVB, where plaintiff "supported its allegations of liens encumbering the Property with title search documents allegedly showing monies owed by" borrowers to NYCECB and owed by one of borrowers "on parking violations"), *adopted by* 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015); *see also Fed. Home Loan Mortg. Corp. v. 41-50 78th St. Corp.*, No. 92-CV-5692, 1997 WL 177862, at *3 (E.D.N.Y. Apr. 4, 1997) (granting default judgment and explaining, "there is no reason to anticipate that a default judgment will have harsh effects. Had any of the defendants believed that their liens were not subordinate to the plaintiff's, they would have set forth their argument in an answer."). Therefore, I respectfully recommend that a default judgment be entered against NYCECB, NYCPVB, and NYSDOTF.[3]

---

[3] Some courts in this district have applied a stricter approach toward RPAPL § 202. *See Gustavia Home, LLC v. Nunu*, 16-CV-3989-RJD-SJB, 2019 WL 2435855, at *4 (E.D.N.Y. Jan 15, 2019) (recommending denial of default judgment against NYSDOTF, where plaintiff failed to "state the clerk's office in which [tax warrant] was filed or docketed"). However, given the substantial authority granting motions for default judgment on the basis of proper service upon an agency and that agency's failure to appear, coupled with the records of amounts owed by Bonilla that Plaintiff submits, this Court recommends granting default judgment. *See OneWest Bank, N.A. v. Hawkins*, No. 14 CV 4656(NGG), 2015 WL 5706945, at *6 n.8 (E.D.N.Y. Sept. 2, 2015) (citing *Federal Home Loan Mortg. Corp.* and entering default judgment against NYSDOTF, where NYSDOTF "appear[ed] to have been properly served and yet no one . . . appeared to assert rights or interests in the property"), *adopted by* 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).

11

### iii. Remaining Doe Defendants

Plaintiff served John Doe and Jane Doe in person and by mail in June 2019. *See* Summonses Returned Executed, Dkt. Nos. 11-12. The Clerk of Court has entered default against neither Doe defendant. Though the Doe defendants were served more than two years ago, Plaintiff has yet to identify them by name. Plaintiff's Motion does not address the Doe defendants. Further, Plaintiff has not sought voluntary dismissal of the Doe defendants or otherwise indicated how it intends to proceed against them. Accordingly, the undersigned makes no recommendation with respect to the Doe defendants. *See Gustavia Home, LLC v. Ledesma*, 16 CV 2117 (RRM)(RML), 2017 WL 1501485, at *4 (E.D.N.Y. Feb. 14, 2017) (making "no recommendation as to the liability or dismissal of the John Doe defendants," where "plaintiff has not made clear how it intends to proceed against them"), *adopted by* 2017 WL 1497947 (E.D.N.Y. Apr. 26, 2017) (dismissing claims against John Doe defendants).

### d. Remedies

#### i. Damages

Upon filing its Motion, Plaintiff sought to recover total damages of $149,250.85. Mot. at 4; *see also* Golden Affirm ¶ 6, Dkt. No. 19-2. According to the Devico Affidavit, this amount is composed of $102,552.07 of outstanding unpaid principal, $46,048.66 of interest owed as of July 2, 2019, and $650.12 of late fees. Devico Aff. ¶¶ 6-7. These amounts are summarized in a Statement of Amount Due and Owing. *See id.* at 4. The Devico Affidavit explains that the "Statement of Amount Due and Owing was prepared from [Devico's] records and correctly sets forth the amounts due and owing on the Note and Mortgage." *Id.* ¶ 4. According to the Note, the lender may require the borrower "to pay [the lender] the entire outstanding balance in one payment" if the borrower "do[es] not meet the repayment terms" of the Note. Note at 5; *see also*

12

Mortgage at 8 (providing for acceleration of payment, among other remedies, in event of default). The Note also allows for the lender to impose late charges. *See id.* at 4. Borrowers have not objected to Plaintiff's calculation despite being served with a copy of the motion papers.

In preparation for the August 18, 2021 Damages Inquest, Plaintiff submitted an updated document describing the damages sought. *See* Payoff Quote for Loan, Dkt. No. 31-5. In relevant part, the document alleges Bonilla now owes unpaid interest of $61,767.22 and additional interest of $284.48, which accrued from July 20, 2021 through August 5, 2021. *See id.* The Note and Mortgage both indicate that the "interest rate on the Note is a variable rate based upon an index." Mortgage at 2; *see* Note at 3. Plaintiff has provided charts that detail the changes in the index upon which the variable rate is based, the commensurate changes in the variable interest rate, and the calculations of the interest owed based on the variable rate for the relevant period. *See* Reinstatement Quote for Loan, Dkt. No. 31-6; Interest Rate Adjustments, Dkt. No. 31-7; Wall Street Journal Prime Rates, Dkt. No. 31-8. The Payoff Quote for Loan shows unpaid principal and late fees in the same amounts as those requested in the Devico Affidavit. *See* Payoff Quote for Loan (identifying unpaid principal as $102.552.07 and late fees as $650.12).

The Court finds that Plaintiff has adequately shown it is entitled to damages of $102,552.07 for the unpaid principal, $650.12 for late fees, and $62,051.70 for interest. *See Miss Jones, LLC v. Bisram*, 16-CV-7020 (NGG) (SMG), 2018 WL 2074200, at *5 (E.D.N.Y. Feb. 5, 2018) (awarding unpaid principal and late charges based on affidavit by member of plaintiff, and

awarding interest where terms of note support plaintiff's calculations), *adopted by* 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018).[4]

### ii. Judgment of Foreclosure and Appointment of Referee

Plaintiff seeks a judgment of foreclosure and sale, as well as the appointment of a referee. Mot. at 4; Golden Affirm at 3. Plaintiff also requests to "be paid . . . the expenses of said sale." Compl. at 7. "A plaintiff is entitled to foreclose upon and sell a property if it demonstrates 'the existence of an obligation secured by a mortgage, and a default on that obligation.'" *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *11 (E.D.N.Y. May 9, 2016) (quoting *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010)), *adopted by*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016); *see also OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (internal quotation marks and citation omitted), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015). Moreover, "courts routinely appoint referees to effectuate the sale of foreclosed properties." *See, e.g., PMP Tech. Servs., LLC v. Mazoureix*, No. 14-CV-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

As discussed, Plaintiff has established its right to foreclose on the Property due to Borrowers' default on the Mortgage and Note. Accordingly, this Court respectfully recommends

---

[4] The Court notes that Plaintiff has withdrawn the request for attorney's fees it originally made in the Complaint. *See* Golden Affirm ¶ 8; *see also* Compl. ¶ 24. Further, though the Payoff Quote for Loan indicates $132 are owed for "Other Fees," Plaintiff's Motion makes no request for fees other than late fees. *See* Payoff Quote for Loan (indicating Other Fees" include a reconveyance fee and recording costs).

that the Property be foreclosed and sold and that the proceeds be applied to the total amount owed on the Note. *See Denham*, 2015 WL 5562980, at *14 (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note). The undersigned also respectfully recommends that the Court appoint a referee to effectuate the foreclosure and sale of the Property, but first require Plaintiff to propose the names of three referees and provide descriptions of their qualifications. *See U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Christian*, 19 CV 427 (CBA)(RML), 2020 WL 3918566, at *6 (E.D.N.Y. Feb. 25, 2020), *adopted by* 2020 WL 3893015 (E.D.N.Y. July 10, 2020). Further, the Mortgage and Note entitle Plaintiff to "all reasonable expenses Lender incurs" in the "enforcement of its rights" upon default. Mortgage at 8; *see also* Note at 5-6. The Court thus respectfully recommends that Plaintiff be awarded reasonable expenses related to the sale. *See Windward Bora, LLC v. Chazon*, 19 CV 3912 (FB) (CLP), 2020 WL 1034362, at *5 (E.D.N.Y. Jan. 8, 2020) (recommending award of expenses related to sale of property), *adopted by* 2020 WL 1031532 (E.D.N.Y. Mar. 3, 2020).

Relatedly, Plaintiff requests that "Bonilla may be adjudged to pay the . . . residue . . . of the debt remaining unsatisfied after the sale of the Property," pursuant to RPAPL § 1371. Compl. at 7. RPAPL § 1371 permits a Court to award a deficiency judgment; that is, payment to a plaintiff by a defendant "of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds." Here, the Mortgage states that the lender "may obtain a judgment for any deficiency remaining on" the Note. Mortgage at 8. Accordingly, the Court respectfully recommends that Plaintiff's request for a deficiency judgment be granted and that, should the Property be sold for less than the total amount owed by Bonilla, Bonilla be held liable for that difference. *See Pinto-Bedoya*, 2017 WL 8793381, at *3-4 (recommending request

15

for deficiency judgment against mortgagor be granted, where agreement permits lender to bring against mortgagor claim for deficiency).

### iii. Reformation of Legal Description of Property

Plaintiff requests the Mortgage be reformed to set forth the correct legal description of the Property. *See* Compl. at 7. In connection with this request, Plaintiff annexes to the Complaint Schedule A, which provides the revised description of the Property. *See* Compl. at 9 ("Schedule A"). "Reformation, an equitable remedy, allows courts to align erroneous legal instruments with the executing parties' intent by transposing, rejecting, or supplying terms to correct or clarify the document." *Denham*, 2015 WL 5562980, at *6 (quoting *In re Cross Island Plaza*, No. 12-42491, 2015 WL 4610382, at *10 (E.D.N.Y. July 30, 2015)). "Mistakes made in the description, quantity, or condition of land may provide a basis for deed reformation." *Christian*, 2020 WL 3918566, at *7-8 (citing *Hadley v. Clabeau*, 532 N.Y.S.2d 221, 225 (N.Y. Sup. Ct. 1988)). "Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected." *Avail 1 LLC v. Latief*, 17 Civ. 5841 (FB) (VMS), 2020 WL 5633869, at *8 (E.D.N.Y. Aug. 14, 2020) (quoting *Harris v. Uhlendorf*, 24 N.Y.2d 463, 467 (1969)), *adopted by* 2020 WL 5633099 (E.D.N.Y. Sept. 21, 2020).

The Complaint alleges that the Mortgage "contains scrivener's errors within its description." Compl. ¶ 25. The property description provided in the Mortgage is sparse and refers to a fuller description in the "DEED DATED 5/19/05 AND RECORDED 7/8/05 INSTRUMENT NO. 2005000385596 IN THE QUEENS COUNTY CLERK'S OFFICE. SAID PREMISES BEING KNOWN AS 8951 121ST STREET." Mortgage at 3. Plaintiff does not submit the referenced deed for the Court's review. The Court has reviewed the Automated City

Register Information System ("ACRIS") and identified a difference between the description in the referenced deed and the description in Schedule A. Describing one of the boundaries of the Property, Schedule A states, "Thence westerly and again at right angles to the easterly side of 121st Street, 110.10 feet to the easterly side of 121st Street." Schedule A. The referenced deed lacks the measurement that appears in Schedule A and only states, "Thence westerly and again at right angles to the easterly side of 121st Street." *See Avail 1*, 2020 WL 5633869, at *8 ("Where, as here, a case concerns real property located in the City of New York, the Court may take judicial notice of and consider public documents relating to the real property at issue, such as those available at the [ACRIS] Website.") (citation omitted). It thus appears that the referenced deed contains an incomplete description. This Court therefore respectfully recommends that Plaintiff's request for reformation to correct the error be granted, and that the Mortgage be reformed to reflect the legal description set forth in Schedule A.

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment of Foreclosure and Sale be GRANTED. I also respectfully recommend that Plaintiff be awarded damages of $102,552.07 for the unpaid principal, $650.12 for late fees, and $62,051.70 for interest owed; that the Property be foreclosed upon and sold; that a referee be appointed to effectuate the foreclosure and sale of the Property and Plaintiff be awarded reasonable expenses incurred in selling the Property; that Bonilla be held liable for any difference between the damages awarded and the amount received at the foreclosure sale; and that the Mortgage be reformed to correct the legal description of the Property in accordance with Schedule A.

Plaintiff is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within three (3) days of the date of this Report and Recommendation.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       August 19, 2020